IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY L. CANTRELL, | ) |
| Plaintiff, | ) |
| v. | ) No. 06-3049-CV-S-DW-SSA |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Johnny L. Cantrell seeks judicial review on a final decision of the Commissioner of Social Security Administration denying his application for benefits under Titles II and XVI of the Social Security Act. On June 29, 2004, the administrative law judge[1] ("ALJ") found Plaintiff was not under a disability as defined by the Act and therefore was not entitled to benefits. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate. 42 U.S.C. §§ 405(g), 1383(c)(3). After carefully examining the entire record, the Court affirms the ALJ's decision for the reasons set forth below.

    I.    Standard of Review

The Court's review is limited to determining whether the ALJ's "determination is supported by substantial evidence on the record as a whole." Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the ALJ's determination." Id. The reviewing court must consider the whole record, including evidence that supports the decision as well as evidence that detracts from

---

[1] The Honorable Linda D. Carter

it. Pelkey v. Barnhart, 433 F.3d 575, 578 (8th Cir. 2006). Existence of substantial evidence supporting a contrary outcome does not require reversal by the reviewing court. Goff v. Barnhart, 421 F.3d 785, 789 (8th Cir. 2005). So long as the decision is supported by substantial evidence on the record, the reviewing court must affirm. Raney v. Barnhart, 396 F.3d 1007, 1009 (8th Cir. 2005).

II. Discussion

The complete facts and arguments are presented in the parties' briefs, and will be duplicated herein only to the extent necessary. Plaintiff asserts that the ALJ erred: 1) by failing to make a proper credibility finding regarding Plaintiff's testimony, 2) by failing to properly analyze and consider the medical evidence, and 3) in formulating the hypothetical question to the vocational expert. After careful review of the entire record and balancing the evidence supporting and contradicting the ALJ's determination, the Court is not persuaded that any reversible errors were made.

On the first point of error, the Court finds no error in the ALJ's analysis of the credibility of Plaintiff's subjective allegations. Generally, courts defer to ALJ credibility determinations that are supported with good reasons and substantial evidence. Guilliams v. Barnhart, 393 F.3d at 801. Although no explicit reference was made to the Polaski decision or the individual factors, the ALJ analyzed the relevant evidence consistent with this standard. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984); see also Tucker v. Barnhart, 363 F.3d 781, 783 (8th Cir. 2004) (the ALJ need not discuss each Polaski factor methodically). Under this standard, the ALJ is permitted to discount subjective complaints as to the severity of impairments if there are inconsistencies found in the evidence as a whole. Polaski v. Heckler, 739 F.2d at 1322. Here, the ALJ found that Plaintiff's complaints were not entirely consistent with the medical evidence in the record. Specifically, the ALJ cited to treatment notes by his treating psychiatrist indicating that Plaintiff was functioning at

a high level. The ALJ also identified and discussed other relevant credibility factors: Plaintiff's poor work record, see Benskin v. Bowen, 830 F.2d 878 (8th Cir. 1987); Plaintiff sought unemployment during the period of alleged disability, see Johnson v. Chater, 108 F.3d 178, 180 (8th Cir. 1997) (in applying for unemployment compensation benefits, a claimant holds himself out as available, willing and able to work); and Plaintiff's history of noncompliance with prescribed treatment. See Guilliams v. Barnhart, 393 F.3d 798 (failure to follow course of treatment weighs against a claimant's credibility). Although there is evidence that Plaintiff suffered from various conditions that, left untreated, negatively impacted his ability to work, there is substantial evidence in the record that medical treatment was effective in controlling his symptoms. See Stout v. Shalala, 988 F.2d 853, 855 (8th Cir. 1993) (impairments that can be controlled by treatment or medication are not considered disabling). The Court finds that the record as a whole supports the ALJ's determination that Plaintiff's subjective allegations were not fully credible.

As for Plaintiff's second point of error, the Court notes that it is the ALJ's function to evaluate the medical opinions contained within the record. Generally, the opinions of the claimant's treating physicians are entitled to substantial weight, but not in all cases. See Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004) (opinions must be supported by and not be inconsistent with the substantial medical evidence in the record); Estes v. Barnhart, 275 F.3d 722, 725 (8th Cir. 2002) (the ALJ resolves conflicts among conflicting or inconsistent medical opinions in the record); Bates v. Chater, 54 F.3d 529, 532 (8th Cir. 1995) (opinion of a treating physician must be supported by medical diagnoses based on objective evidence). Here, the ALJ gave little weight to the mental assessments prepared by Plaintiff's treating psychiatrist Dr. Edgar Galinanes-Lafont. The ALJ noted that Dr. Galinanes' assessments describing Plaintiff as having several marked levels of mental

dysfunction were inconsistent with outpatient treatment notes throughout the relevant period. The ALJ noted that these global assessments of functioning during the treatment period were inconsistent with disabling mental dysfunction, except when Plaintiff was not taking his prescribed medications. The Court finds that substantial evidence supports the ALJ's evaluation of the medical opinions contained in the record.

Plaintiff's final point of error also fails. Although the hypothetical question to the vocational expert did not include all the limitations alleged by Plaintiff, it did include those impairments and limitations the ALJ found credible. No more is required. See Pertuis v. Apfel, 152 F.3d 1006, 1007 (8th Cir. 1998). Accordingly, the Court finds that the ALJ's finding is supported by substantial evidence on the record as a whole.

    III.    Conclusion

After a careful examination of the record, the Court finds that the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Plaintiff's disability benefits and supplemental security income (SSI) is AFFIRMED.

IT IS SO ORDERED.


Date:  November 21, 2006                                         /s/ DEAN WHIPPLE
                                                                                 Dean Whipple
                                                                 United States District Court